HARRY N. BAETJER, ET AL., Petitioners, v. DISTRICT COURT OF SAN JUAN, ROBERTO H. TODD, JR., JUDGE, Respondent.

No. 1199. Argued November 12, 1940.—Decided April 4, 1941.

*Fiddler, McConnell & González,* for petitioners. *R. Arjona Siaca, pro se,* objector in the main suit. *George A. Malcom, Attorney General,* and *Pablo Defendini, Assistant Attorney General,* for The People, objector in the main suit. *T. Torres Pérez,* counsel for the Public Service Commission.

Mᴿ. Jᴜsᴛɪᴄᴇ Tʀᴀᴠɪᴇsᴏ delivered the opinion of the Court.

Petitioners, not being satisfied with the judgment rendered by us in the instant case on April 26, 1940 (56 P.R.R. 570) request its reconsideration. The parties were heard as to whether or not the reconsideration lay in the hearing held on November 12, 1940.

The legal question raised by the petitioners is the following:

The petitioners requested from the Public Service Commission a franchise to take water from the Humacao River and use it in the irrigation of their sugar plantations. The People of Puerto Rico objected to the granting of said franchise. The Commission, by the vote of its President and of one of its members and with the dissenting vote of the other Commissioner, rendered an order on June 20, 1939, recommending that petitioners be granted the franchise in accordance with their petition. The People of Puerto Rico appealed to the District Court of San Juan, and the latter allowed the appeal and issued a *supersedeas* order without bond.

The petition of certiorari filed in this Court was based on the allegation that The People of Puerto Rico, in its character of objector to the granting of the franchise, does not have the right to appeal to the District Court of San Juan.

■■ Petitioners insist that the provisions of Section 78 of "The Public Service Act of Puerto Rico", Laws of 1917, Vol. II, page 432, which grant to any of the *parties in a proceeding* the right to appeal to the District Court of San Juan *from any ruling or decision of the Commission which may affect it*, are not applicable to a case like the one at bar which has to do with the granting of a concession for the taking of water for purposes of irrigation; and in support of their contention they cite Section 2 of the above mentioned Public Service Act which in its relevant part reads as follows:

"For the purposes of this Act public service companies shall·be such natural persons or bodies corporate as may engage in Porto Rico in any of the following pursuits or businesses:

"(a) Transportation of persons or freight using in whole or in part marine, fluvial or land routes.

"(b) Telegraph and telephone communications, whether by wire, wireless or by cable.

"(c) Wharves of all kinds and drydocks.

"(d) Generation of motive power of whatever origin and for whatever purpose, except animal power.

"(e) Lighting, heating and refrigerating.

"(f) Waterworks, sewerage and construction of pipe system for any purpose.

"(g) Irrigation and navigation or irrigation canals.

"(h) Such others as may engage in business or pursuits similar to those hereinabove mentioned; *Provided, however,* That such companies shall not be subject to the provisions of this Act, with respect to any business transacted or any property owned by them outside of Porto Rico; nor shall the provisions of this Act be so construed as to extend to any matter or thing in regard to which Congress has regulated to the exclusion of the power of Porto Rico; *And provided, further,* That none of the provisions of this Act shall apply to the generation, transmission, or distribution of electricity; to the manufacture or distribution of gas; to the furnishing or distribution of water; or to the production, delivery, or furnishing of steam, or any other substance for heat or power, by a producer, who is not otherwise a public service company, for the sole use of such producer, or for the use of tenants of such producer, and not for sale to others."

We are not at all in accord with the construction which the petitioners give to Section 2, *supra.*

The basic purposes of the "Public Service Act of Puerto Rico" appear thus expressed in its title: "An Act defining public service companies; and providing for their regulation; prescribing, defining, regulating, and limiting their rights, powers and duties; prescribing and defining the powers and duties of the Public Service Commission and its officers, prescribing and regulating the practice and procedure before such Commission and upon appeal, and for other purposes."

Section 2, *supra,* defines what the statute contemplates as a *public service company,* and then excludes from that definition and from the provisions of the statute the following activities or services:

(*a*) generation, transmission, or distribution of electricity.

(*b*) manufacture or distribution of gas.

(*c*) *furnishing or distribution of water;* and

(*d*) production, delivery, or furnishing of steam, or any other substance for heat or power.

In order that said services might not be considered public services and the persons who generate, transmit or distribute electricity or gas, or *furnish or distribute water,* heat or power, may not be considered public service companies, it is an indispensable requisite that the electricity, gas, water and power be used exclusively by the producer of the same or by his tenants, and that they not be sold to other persons. Thus, the owner of an apartment house who installs a water pump, an artisan well or a tank for the furnishing and distribution of water to his tenants, cannot be considered a "public service company" nor can he be compelled to comply with the provisions of the Public Service Act, first, because the statute excludes him expressly from its provisions; and, second, because the producer of electricity or gas and the supplier of water or power, is not bound to obtain a permit or franchise from the Public Service Commission in order to furnish this kind of service to himself or to his tenants. For the same reasons a sugar mill which owning a certain quantity of water, supplies and distributes it to its *colonos,* would not become by that sole fact a public service company nor would it be compelled to comply with the duties which the Public Service Act imposes on such companies.

The petitioners in the case at bar are not engaged in the supplying or distribution of water. They have resorted to the Public Service Commission alleging that they need water to irrigate their cane fields and requesting a franchise per-

430

mitting them to take certain quantities of water from the Humacao River "under the terms and conditions which this Hon. Commission shall set".

The powers of the Public Service Commission of Puerto Rico have two distinct sources—the Organic Act and "the Public Service Act of Puerto Rico."

The Organic Act, in its relevant part, provides the following:

"Section 38.—That all grants of franchises, rights, privileges, and concessions *of a public or quasi public nature* shall be made by a public service commission consisting of. . . The said commission is empowered and directed to discharge all the executive functions relating to public service corporations heretofore conferred by law upon the executive council *and such additional duties and functions as may be conferred upon said commission by the legislature.*" (Italics supplied.)

As it may be seen, Congress granted to the Public Service Commission the power to issue franchises of a *public or quasi public* character only; and did not grant it power to issue any franchises or concessions for *private purposes.* It was the Insular Legislative Assembly—exercising the power granted to it by Section 38 of the Organic Act, *supra,* to grant to the Public Service Commission *additional duties and powers*—that granted said Commission the additional power necessary in order to be able to grant a certain kind of franchises for private purposes. And to that effect the Public Service Act provides:

"Section 52.—*Grants to be Made.*—The commission shall have power to grant franchises, rights, privileges or concessions for public or quasi-public purposes, including the right to use, or cross roads, highways and public streams; and *to grant franchises, rights, privileges or concessions for the use of public waters for public or private purposes; Provided,* That the commission shall not have the power to grant the title or use of public lands or property, or to grant franchises, rights, privileges or concesiones for private purposes, except for the use of public waters, without the approval of the Legislature." (Italics supplied.)

The contention of the petitioners that none of the provisions of the Public Service Act is applicable to a case like the one at bar in which a franchise for the use of public waters for private purposes is requested, is untenable. In order to uphold it, we would have to decide that the provisions of Section 52, *supra,* which confer upon the Commission all the necessary power for the granting of the franchise which the petitioners request, are not applicable, since only then could we decide, in accordance with justice and reason, that the provisions of Chapter VII, (Sections 62 to 91) of the Public Service Act, which regulate the practice and procedure before the Commission and in the appeals taken from its orders or decisions, are likewise inapplicable.

It is true that the Organic Act granted to the Public Service Commission the exclusive power of granting franchises and concessions of a public or quasi public character. But it is also true that when it did not provide the contrary in the Organic Act, Congress left to the Insular Legislative Assembly full power and authority to legislate with reference to the granting of franchises and concessions for the use of public waters *for private purposes.* The Legislative Assembly, in the exercise of those powers, invested the Public Service Commission with authority to grant that kind of franchises for private purposes, and conferred upon the intervening party, affected by the decision of the Commission, the right to appeal to the District Court of San Juan. See: *People of P. R.* v. *Shell Co.,* 302 U. S. 253, 263; and *People of P. R.* v. *Rubert Hermanos, Inc.,* 309 U. S. 543.

For the foregoing reasons we must deny the reconsideration requested.

Mr. Justice Todd, Jr., took no part in the decision of this case.